UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KONGMANY KHOUNPACHAMSY,
individually, and as parent and natural
guardian of minor, I.K.,

      Plaintiffs,

v.                                                 Case Nos:  2:20-cv-721-JLB-MRM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____

## ORDER

Plaintiff I.K., through his parents Kongmany and Christine Khounpachamsy, has accepted Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Proposal for Settlement.  The parties seek approval of I.K.'s settlement because he is a minor.  (Doc. 63.)  Upon review of the entire record, including the Settlement Distribution Statement and the terms of the Proposal for Settlement, the Court finds that the settlement is in I.K.'s best interests.  (Docs. 63-1, 63-2.)  Accordingly, the parties' Amended Memorandum of Law (Doc. 63), which the Court construes as a joint motion for settlement approval, is **GRANTED**.

## BACKGROUND

The Khounpachamsys were in a car accident and filed a claim for underinsured motorist ("UM") benefits with their insurer, State Farm.  (See Doc. 8-

2.) State Farm presumably did not pay the full amount that the Khounpachamsys believed they were owed, resulting in them filing a lawsuit in Florida state court against State Farm. (Id. at 1–4.) State Farm then removed that action to this Court. (Doc. 8.) Before removal, though, State Farm had filed its own claim for declaratory relief against the Khounpachamsys in this Court. Complaint, State Farm Mutual Automobile Insurance Co. v. Khounpachamsy, No. 2:20-cv-579-JLB-NPM (M.D. Fla. Aug. 10, 2020), ECF No. 1. It sought declaratory judgment that the Khounpachamsys were "entitled to no sums greater than $50,000 per person and $100,000 per accident for any claims for UM Coverage arising from the date of loss," because they had waived UM benefits in three of their four insurance policies. Id. at ¶¶ 18, 22. Given that both cases sought to resolve the same issue, the Court consolidated the two cases for all purposes. Id. (M.D. Fla. Jan. 5, 2021), ECF No. 24.

      Thereafter, State Farm served its proposals for settlement on the Khounpachamsys. (Docs. 39–41.) Mr. Khounpachamsy rejected State Farm's proposal, and his claim is the subject of a pending motion for summary judgment. (Doc. 37.) Mrs. Khounpachamsy and I.K., however, accepted their proposals. (Docs. 43, 47.) Mrs. Khounpachamsy and State Farm dismissed their claims against each other, and she was terminated. (See Doc. 56.) And while the parties sought to dismiss I.K.'s claim against State Farm, the Court required the parties to seek judicial approval of the settlement, which the parties now move to do. (See Docs. 44–46, 57, 63.)

## LEGAL STANDARD

In Florida, "[n]o settlement after an action has been commenced by or on behalf of a [minor] shall be effective unless approved by the court having jurisdiction of the action." Fla. Stat. § 744.387(3)(a). The Court "may enter an order authorizing the settlement if satisfied that the settlement will be for the best interest of the [minor]." Id. § 744.387(1). "In determining whether to approve a proposed settlement, the cardinal rule is that the [courts] must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." In re Smith, 926 F.2d 1027, 1028–29 (11th Cir. 1991) (quotation omitted). Only the child's interest is considered in making this determination. Id. at 1029; see also McLaughlin v. Lara, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013) ("[T]he purpose of an order approving a minor's settlement is . . . to protect the interests of the minor . . . and to ensure that any release given on behalf of the minor is legally effective.").

## DISCUSSION

The Court finds that the settlement is a fair, adequate, and reasonable resolution of I.K.'s claim(s). In exchange for $15,000, I.K. "shall dismiss all claims" he has against State Farm with prejudice. (Doc. 63-2 at ¶¶ 3, 7.)[1] "There are no other relevant conditions or nonmonetary terms." (Id. at ¶ 8.) That sum also includes payment for I.K.'s claim of attorneys' fees. (Id. at ¶ 5.) A Settlement

---

[1] Since the sum does not exceed $15,000, I.K.'s parents may settle his claim and the Court need not appoint a guardian ad litem. See Fla. Stat. § 744.387(2).

Distribution Statement reflects that, less attorneys' fees and expenses, I.K. will receive $8,335.89.  (Doc. 63-1.)  I.K.'s counsel has already received the full settlement amount and is holding it for him in a trust account.  (Doc. 63 at ¶ 4.)

The Khounpachamsys' allegations raise concerns about I.K. receiving only $15,000 in satisfaction of his claim.  There, the Khounpachamsys state that I.K. has suffered "permanent and continuing" injuries and seek "damages in a sum excess of $30,000" for I.K.  (Doc. 8-2 at 3–4.)  But when compared to the figures provided in the Settlement Distribution Statement, this language likely is not an accurate reflection of I.K.'s damages.  For example, I.K. has only $559.57 in unpaid medical bills.  (Doc. 63-1 at 1.)  While not a detailed accounting of I.K.'s damages, the Court can reasonably infer that permanent, life-long injuries would leave considerably more in outstanding medical bills than $559.57.

The Court also finds that the specific posture of this case makes settlement of I.K.'s claim reasonable.  Whether I.K. will prevail on his claim and possibly receive more than the settlement amount, or whether judgment may be entered in State Farm's favor thus resulting in no recovery, remains uncertain.  Put differently, State Farm contests liability, the parties engaged in discovery, and the case is set for trial.  This uncertainty underscores the Khounpachamsys' need for legal representation in this matter, thereby legitimizing counsel's fees which comply with the maximum allowed to be charged under Florida law.  Fla. Bar R. 4-1.5(f)(4)(B)(i)(b).  The Court further notes that the parties have filed a motion for leave to submit a proposed order—due to be denied as moot—in which they

represent I.K. will turn eighteen in less than sixty-days.  (Doc. 87.)  Ultimately, nothing in the record supports the finding that the settlement is fundamentally unfair, unreasonable, or the product of collusion between the parties.  (See Doc. 63 at ¶ 9.)  There is thus no reason to believe that the settlement is not in I.K.'s best interests.

Accordingly, it is **ORDERED**:

1. The parties' Amended Memorandum of Law (Doc. 63), which the Court construes as a motion seeking approval of I.K.'s settlement under Florida Statute § 744.387, is **GRANTED**.  The Court finds the Proposal for Settlement (Doc. 63-2) is in the best interests of the minor-Plaintiff I.K.

2. The Unopposed Motion for Leave of Court to Submit a Proposed Order (Doc. 87) is **DENIED AS MOOT**.

3. Count III of the Complaint (Doc. 8-2 at 3–4) is **DISMISSED WITH PREJUDICE**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly and terminate Plaintiff I.K.

**ORDERED** at Fort Myers, Florida, on May 19, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE